**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**SHIOLENO INDUSTRIES, INC.,**

        **Plaintiff,**

     **v.**                                 **3:11-CV-0971-O-BK**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY, et al.,**

        **Defendants.**

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the district court's *Order Referring Motion* dated November 30, 2011, this cause is before the Court on Plaintiff's *Motion to Remand*. (Doc. 13). For the reasons set forth below, the Court recommends that Plaintiff's *Motion to Remand* be **GRANTED**.

## I. BACKGROUND

In April 2011, Plaintiff filed a civil action in Texas state court against Liberty Mutual Fire Insurance Company ("Liberty"), John Harris, Thomas Tiernan, Raquel Ortega, Farrow Corporation, and Lori Pierce. (Doc. 1, Exh. G at 1). Plaintiff alleged that it was a manufacturer of commercial metalworks, commercial furniture, and melamine boards and, in manufacturing its products, it used a specialized piece of equipment known as a press line. (*Id.* at 3). Plaintiff contended that in February 2010, a snowstorm damaged the roof of the property where its press line and related equipment were housed. (*Id.* at 5). Ultimately, the press line was restored and returned to operational status, but not before Plaintiff suffered damages of several hundred thousand dollars. (*Id.* at 5-6). Plaintiff alleged that Liberty, which insured Plaintiff's subject property, has been dragging out its investigation of Plaintiff's claim for more than a year, and has

not reimbursed Plaintiff for all of the damage that (1) the storm caused and (2) Plaintiff suffered related to the interruption of its business.  (*Id.* at 7-8).  Plaintiff contends that Liberty, its employees (Harris, Tiernan, and Ortega), and its agents (Farrow Corporation and Pierce) are liable under the Texas Insurance Code ("the Code") for unfair settlement practices and failing to adjust Plaintiff's claim in a timely fashion.  (*Id.* at 8-10).  Plaintiff also claims that all of the Defendants are liable for negligence, fraud, breach of contract, breach of the duties of good faith and fair dealing, and violations of the Deceptive Trade Practices Act ("DTPA").  (*Id.* at 11-15).

Defendants removed the case to federal district court based on diversity jurisdiction. (Doc. 1).  Specifically, they claimed that Plaintiff was a Texas resident, Liberty was a resident of Wisconsin and Massachusetts, and Farrow Corporation was a resident of California.  Defendants noted that although the individual Defendants were residents of Texas, Plaintiff improperly had joined them to defeat diversity jurisdiction.  (*Id.* at 2-4).  Thus, Defendants claimed that the citizenship of the individual Defendants should be disregarded for purposes of diversity jurisdiction because there were no facts alleged in Plaintiff's petition that connected the causes of action Plaintiff asserted with any actions by the individual Defendants.  (*Id.* at 4-15).

Plaintiff has now moved to remand the case to state court.  (Doc. 13).  First, Plaintiff argues, individual Defendants Harris, Tiernan and Ortega are liable in their individual capacities under the Code because they are adjusters for Liberty and played a significant part in the denial of Plaintiff's entire reimbursement request.  (*Id.* at 6-8).  As to Defendants Farrow Corporation and Pierce, Plaintiff asserts that they are liable under the Code because they played an investigatory role in the claims.  (*Id.* at 8-9).  Plaintiff contends that its pleadings provide fair notice against the individual Defendants and Farrow Corporation so as to allow them to ascertain

2

the basic issues involved in the controversy because they acted collectively in adjusting the claim on Liberty's behalf.  (*Id.* at 9-10).

Defendants respond that the Court's review must be confined to the Plaintiff's petition, and the Court cannot consider the new facts alleged in Plaintiff's *Motion to Remand*, such as the job titles and responsibilities of the individual Defendants.  (Doc. 14 at 5-6).  Defendants urge that Plaintiff has not demonstrated any factual fit between its causes of action for negligence or violations of the Code or DTPA and any of the individual Defendants or Farrow Corporation, but Plaintiff has merely made collective allegations against "Defendants" generally.  (*Id.* at 6-7, 9-13).  Moreover, Defendants argue that the claims as to the individual Defendants and Farrow Corporation also fail on the merits.  (*Id.* at 7-8, 13-18).

Plaintiff replies that the Court should remand the case to Texas court so that Defendants can specially except and request additional facts regarding Plaintiff's claims if they believe the facts are insufficiently pled.  (Doc. 15 at 2-3).  Alternatively, Plaintiff argues, the Court should apply the Texas "fair notice" standard to determine whether its petition provides a reasonable basis for predicting whether Plaintiff can recover against the individual Defendants, rather than the Federal Rule of Civil Procedure 12(b)(6) standard.  (*Id.* at 3-5).  Plaintiff contends that it provided sufficient factual notice in its petition to meet either the Texas or federal notice standard because a competent attorney would be able to ascertain the claims against the individual Defendants based on its assertions of Liberty's liability and the individual Defendants' roles as employees or agents of Liberty.  (*Id.* at 5-6).

## II.  APPLICABLE LAW

A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court.  28 U.S.C. § 1441(a), (b).  A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000; a state case involving opposing parties from different states thus is removable.  28 U.S.C. §§ 1332(a)(1), 1441.  The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation.  *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460-61 (1980).  A defendant thus may argue that a plaintiff improperly has joined a non-diverse defendant for purposes of defeating diversity jurisdiction, but the defendant's burden of persuasion is a heavy one.  *Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir. 2003).  Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP,* 288 F.3d 208, 211 (5th Cir. 2002).

There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted).  Only the latter ground is at issue here.  When determining whether a plaintiff is able to establish a state claim against a non-diverse party, the district court

4

inquires whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To make that determination, the court generally conducts a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Id.* at 573-74.

As a threshold issue in this case, the parties dispute whether the Court should look to federal or state pleading standards to determine whether Plaintiff can state a claim for relief against the in-state Defendants. The Court of Appeals for the Fifth Circuit has not directly addressed the issue in a published opinion, and this District Court is divided, with the majority of its judges concluding that the federal pleading standard applies. *Marten v. Winover*, 2011 WL 4485966, *2 (N.D.Tex. 2011) (Kinkeade, J.) (using Rule 12(b)(6) standard); *Helm v. Moog Inc.*, 2011 WL 3176439, *2 (N.D.Tex. 2011) (Means, J.) (same); *Wolfe v. American Home Assur. Co.*, 2011 WL 2909875, *3 (N.D.Tex. 2011) (Lindsay, J.) (same); *Mugweni v. Wachovia Corp.*, 2011 WL 2441255, *2 (N.D.Tex. Apr 19, 2011) (Stickney, M.J.), *adopted in*, 2011 WL 2441838 (N.D. Tex. 2011) (Fish, J.) (same); *Sahinkaya v. Travelers Indem. Co.*, 2010 WL 3119423, *3 n.4 (N.D. Tex. 2010) (Boyle, J.) (same). However, the undersigned finds persuasive the less-popular viewpoint that the state standard is more applicable. *See, e.g., Warren v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 4133377, *4 (N.D. Tex. 2008) (Fitzwater, J.) ("because state court plaintiffs should not be required to anticipate removal to federal court," and the "improper joinder analysis hinges on whether the plaintiff is able to establish a cause of action against the non-diverse party in *state court*," the court "assesses the sufficiency of the factual allegations of [plaintiff's]

5

complaint under Texas' notice pleading standard") (citing cases) (emphasis in original); *see also*

*Smith v. Shred-It USA*, 2010 WL 3733902, *2-3 (N.D. Tex. 2010) (O'Connor, J.) (noting that the

focus in improper joinder cases is on the plaintiff's possibility of success in state court and

distinguishing cases that applied federal pleading standards in the improper joinder analysis).

Under the Texas rules of procedure, a pleading contain legal conclusions as long as fair

notice to the opponent is given by the allegations as a whole.  TEX. R. CIV. P. 45(b).  In the

absence of special exceptions, the state court liberally construes a plaintiff's petition in the

plaintiff's favor.  *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App. – Austin, 1996).

Moreover, the court will look to the plaintiff's intent and uphold a petition, even if the plaintiff

has not specifically alleged some element of a cause of action, by supplying every fact that can

reasonably be inferred from what the plaintiff specifically did state.  *Torch Operating Co. v.

Bartell*, 865 S.W.2d 552, 554 (Tex. App. – Corpus Christi, 1993).

Applying these principles, this Court must determine whether Plaintiff has "any

possibility of recovery against the party whose joinder is questioned."  *Travis*, 326 F.3d at 648.

Thus, if there is a reasonable possibility that Plaintiff in this case can recover against any one of

the named Texas defendants on any one of its claims, the case must be remanded.  *B., Inc. v.

Miller Brewing Co.*, 663 F.2d 545, 549 n.8 (5th Cir. 1981) ("if there is even a possibility that a

state court would find *a cause of action* stated against *any one* of the named in-state defendants

. . . then the federal court must find that the in-state defendant(s) have been properly joined")

(emphasis added); *see also East Texas Mack Sales, Inc. v. Northwest Acceptance Corp.*, 819 F.2d

116, 119 (5th Cir. 1987) (quoting *B, Inc.*, *supra*).  In making the improper joinder inquiry, the

6

undersigned must resolve all contested issues of fact in Plaintiff's favor.  *Travis*, 326 F.3d at 648-49.

### III.  DISCUSSION

In its petition, Plaintiff alleged, *inter alia*, that all of the Defendants violated Section 541.060(a)(1) of the Code by misrepresenting to Plaintiff that the damage to the Property and the loss of business income were not covered under Plaintiff's insurance policy.  (Doc. 1, Exh. G at 7-8). This provision of the Code states that it is an unfair settlement practice to "misrepresent[] to a claimant a material fact or policy provision relating to coverage at issue."  More generally, the Code prohibits "persons" from engaging in unfair practices, and defines "persons" as, *inter alia*, individuals, corporations, partnerships, agents, and adjusters.  TEX. INS. CODE § 541.002(2); § 541.003.  The Supreme Court of Texas has confirmed that insurance company employees who "engage in the business of insurance" can be held individually liable for violating the Code. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485-86 (Tex. 1998).  Such persons include those who solicit and obtain insurance policy sales, explain policy terms to prospective buyers, and explain premium calculations to customers; the term does not include employees who have no responsibility for the sale or servicing of such policies, such as clerical workers or janitors.  *Id.* at 486.

Plaintiff, although admittedly not providing significant factual detail, alleged in its petition that Liberty's employees, Harris, Tiernan, and Ortega, had jobs whose duties called "for them to engage in the business of insurance," rendering them subject to suit under the Code. (Doc. 1, Exh. G at 8).  Plaintiff made identical allegations against the insurance company's agents, Farrow Corporation and Pierce.  (*Id.*).  Plaintiff then goes on to state that each of these

Defendants misrepresented to Plaintiff that the damage to the subject property and the loss of business income were not covered under Liberty's policy. While these Defendants may contest their roles in the misrepresentations as well as their job titles, the undersigned must resolve all contested issues of fact in Plaintiff's favor. *Travis*, 326 F.3d at 648-49. Thus, taking Plaintiff's allegations as true, Defendants' alleged misrepresentations would constitute a violation of Section 541.060(a)(1) of the Code. *Liberty Mut. Ins. Co.*, 966 S.W.2d at 485-86. While perhaps not specific enough to survive a Rule 12(b)(6) motion, these factual allegations are sufficient under Texas's more lenient fair notice standard because Plaintiff's petition gives adequate notice to Defendants of this claim against them, considering the allegations as a whole. TEX. R. CIV. P. 45(b).

Additionally, Plaintiff complained, *inter alia*, that the Defendants failed to affirm or deny coverage of the entire claim within a reasonable time in violation of Section 541.060(a)(4). (Doc. 1, Exh. G at 8). This section of the Code provides that it is an unfair settlement practice to fail to affirm or deny coverage of a claim to a policyholder within a reasonable time. As noted above, Plaintiff alleged that Liberty employees, Harris, Tiernan, and Ortega were engaged in the business of insurance and made identical allegations against Farrow Corporation and Pierce. (Doc. 1, Exh. G at 8). Plaintiff also stated that "Defendants" had interviewed Mr. Shioleno and his accountants several times and made multiple requests for production, and "Liberty's" investigation of Plaintiff's claims had dragged on for a year as of the time that Plaintiff filed its petition in state court. (*Id.* at 7).

While it is not perfectly clear which of the individual Defendants interviewed Plaintiff's owner and employees, logic dictates that it must have been an individual rather than Liberty itself

that conducted the interviews.  Because the undersigned must resolve all contested issues of fact in Plaintiff's favor and take all of Plaintiff's allegations as true, the undersigned finds that Defendants' alleged delay in adjusting Plaintiff's claims as to the subject property state a possible claim under Section 541.060(a)(4), applying Texas's fair notice standard.  *Liberty Mut. Ins. Co.*, 966 S.W.2d at 485-86; *Travis*, 326 F.3d at 648-49; Tex. R. Civ. P. 45(b).  Moreover, because there is a reasonable possibility that Plaintiff can recover against the non-diverse Defendants on the above two claims, the entire case should be remanded to state court.  *B., Inc.*, 663 F.2d at 549 n.8 (holding that "if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants . . . then the federal court must find that the in-state defendant(s) have been properly joined").  Accordingly, the undersigned need not address the remainder of the claims that Plaintiff raised in its petition.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's *Motion to Remand* (Doc. 13) be **GRANTED**.

**SO RECOMMENDED** on January 6, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

10